IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

UNITED STATES OF AMERICA,

Plaintiff,

vs.

DIANA STENSON,

Defendant.

8:13-CR-437

MEMORANDUM AND ORDER

This matter is before the Court on Defendant's letter requesting "early release from probation." Filing 96. On November 20, 2013, Defendant was indicted on various drugs charges and subsequently pled guilty to Count I of the Indictment which alleged a Conspiracy to Distribute Fifty Grams or More of Methamphetamine (Actual) in violation of 21 U.S.C. § 846. *See* Filing 1; Filing 48. She faced a mandatory minimum sentence of ten years of incarceration, *see* Filing 77 at 1, and a United States Sentencing Guideline ("U.S.S.G.") range of 135 to 168 months of incarceration. *See* Filing 82 at 1. On October 8, 2014, the Court departed downward, pursuant to U.S.S.G. § 5K1.1 and Defendant's "remarkable recovery from addiction," and sentenced Defendant to seventy-five months of incarceration to be followed by five years of supervised release. Filing 81 at 2-3.

Defendant now indicates she was released from incarceration in 2019. Filing 96. She asserts that during her incarceration she completed the Residential Drug Abuse Program, the intensive drug treatment program offered by the Bureau of Prisons ("BOP"), along with other BOP courses such as Seeking Safety, a treatment program for substance abuse and post-traumatic stress disorder, courses involving domestic violence and self-esteem, along with attending Alcoholics Anonymous and Narcotics Anonymous meetings. Filing 96. Since her structured release to a

halfway house and house arrest, Defendant began working as a waitress, is now a restaurant manager, and is a full-time college student studying social work with an anticipated graduation date in March of 2022. Filing 96. She alleges she has met all conditions of her supervision. Filing 96.

The Court interprets Defendant's letter as a request to terminate her five-year term of supervised release pursuant to 18 U.S.C. § 3583(e)(1). 18 U.S.C. § 3583(e)(1) provides the Court with the discretion to terminate a term of supervised release "after considering the factors set forth in section [3553]." Specifically, the Court may terminate a term of supervised release "any time after the expiration of one year of supervised release, pursuant to the provisions of the Federal Rules of Criminal Procedure relating to the modification of probation, if it is satisfied that such action is warranted by the conduct of the defendant released and the interest of justice." *Id*.; *see also United States v. Mosby*, 719 F.3d 925, 930 (8th Cir. 2013) ("Under 18 U.S.C. § 3583(e), a district court 'may, after considering [certain] factors . . . terminate a term of supervised release and discharge the defendant . . . if it is satisfied that such action is warranted by the conduct of the defendant released and the interest of-justice.'") (alteration in original); U.S.S.G. § 5D1.2, cmt. n.5.

While Defendant has made progress during her time of incarceration and supervised release, the Court is not satisfied that terminating her supervised release several years early would be consistent with the factors the Court must consider under 18 U.S.C. § 3553, including the "nature and circumstances of the offense", "history and characteristics of the defendant," "need to avoid unwarranted sentence disparities among defendant with similar records who have been found guilty of similar conduct," and the need for the sentence imposed to "reflect the seriousness of the offense," "promote respect for the law," "provide just punishment for the offense," "afford

adequate deterrence," and "protect the public." In particular, Defendant's history of involvement with illicit substances, both use and trafficking, favors continuing supervision here.

In this case, Defendant received a very favorable sentence. In the judgment of this Court Defendant should be required to fulfill the sentence imposed.

For these reasons, the Court declines to exercise its discretion to terminate Defendant's term of supervised release.

IT IS ORDERED:

1. Defendant's request for termination of her supervised release, Filing 96, is denied;

2. The Clerk of Court shall mail a copy of this Memorandum and Order to Defendant at her last known address.

Dated this 3rd day of June, 2021.

BY THE COURT:

Brian C. Buescher
United States District Judge